IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABDUS-SAMAD HAKIM ROBINSON-SIMMS, | ) ) ) |
| Plaintiff, | ) ) ) C.A. No. 23-518 (MN) |
| v. | ) ) |
| BEST DEAL AUTO SALES, LLC, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Abdus-Samad Hakim Robinson-Simms, Smyrna, Delaware – Pro Se Plaintiff

Donald L. Gouge, Jr., DONALD L. GOUGE, JR., LLC, Wilmington, Delaware – Counsel for Defendant Best Deal Auto Sales, LLC

Joelle Eileen Polesky, STRADLEY RONON STEVENS & YOUNG, LLP, Wilmington, Delaware – Counsel for Defendant Credit Acceptance Corporation

December 17, 2024
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE**

Plaintiff Abdus-Samad Hakim Robinson-Simms, proceeding *pro se*, filed a Complaint on May 12, 2023, alleging contract-related claims against Defendants Best Deal Auto Sales, LLC ("Best Deal Auto") and Credit Acceptance Corporation ("Credit Acceptance") (collectively "Defendants"). (D.I. 2). At present, there are four pending motions: (1) Defendant Best Deal Auto Sales, LLC's Motion to Dismiss Complaint (D.I. 18); (2) Motion of Defendant Credit Acceptance Corporation to Dismiss this Action and to Compel Arbitration (D.I. 22); (3) Defendant Best Deal Auto Sales, LLC's Motion for Leave to File Out of Time (D.I. 26); and (4) Defendant Best Deal Auto Sales, LLC's Motion to Join Defendant Credit Acceptance Corporation's Motion to Dismiss this Action and Compel Arbitration (D.I. 27) – all of which are addressed and resolved by way of this Memorandum Opinion and corresponding Order.

I.  **STATEMENT OF FACTS**

A.  **The Complaint**

The Complaint alleges that in the State of Delaware on September 9, 2021, Plaintiff purchased a vehicle and entered a Retail Installment Contract with Best Deal Auto. (D.I. 2 at 4). By way of the Retail Installment Contract, Credit Acceptance approved and extended Plaintiff a line of credit for the purchase. (*Id.*).

According to the allegations in the Complaint, the Retail Installment Contract was, in fact, a guaranteed promissory note, which "should have constituted full payment." (*Id.* at 4-5). By extending Plaintiff an "extortionate" line of credit, Defendants committed fraud and effectively placed Plaintiff in involuntary servitude "by way of misleading, misrepresenting material facts, breaching written agreements and withholding required disclosures." (*Id.* at 5). Defendants' unlawful behavior allegedly continued with the illegal repossession of the vehicle Plaintiff had

1

purchased.  (*Id.*).  Plaintiff attempted to raise and resolve these issues with Defendants outside of court, but such efforts were unsuccessful.  (*Id.*).

Plaintiff alleges that these unfair, deceptive and abusive acts by Defendants violated the Federal Reserve Act, the Truth in Lending Act, and Plaintiff's constitutional and consumer rights.  (*Id.* at 6).  Plaintiff allegedly sustained injuries in the form of being extorted, losing his means of transportation, facing eviction and being denied unemployment and seeks relief in the form of $200,000 and the return of the vehicle he purchased, free-of-liens.  (*Id.* at 7).

Plaintiff did not attach any exhibits to his Complaint.

**B.     Defendants' Motions**

On May 7, 2024, Best Deal Auto moved to dismiss the Complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedures for lack of subject matter jurisdiction and for failure to state a claim (D.I. 18, 19) and, on May 17, 2024, Plaintiff filed an objection to the motion (D.I. 21).[1]

On May 21, 2024, Credit Acceptance moved to dismiss the Complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure and to compel arbitration.  (D.I. 22).[2]  On June 11, 2024, Plaintiff filed an objection to the motion (D.I. 24) and, on June 18, 2024, Credit Acceptance filed a reply brief in further support of its motion (D.I. 25).  In its papers, Credit Acceptance asks the Court to find the Arbitration Clause binding and enforceable and, if the Court does so, to dismiss the Complaint in favor of arbitration.  Credit Acceptance does not set forth any arguments seeking for dismissal for failure to state a claim.

---

[1]     As Exhibit A to Plaintiff's objection, he attaches executed copies of: (1) the Retail Installment Contract; (2) the Credit Acceptance Corporation Disclosure Form; and (3) a Superior Protection Plan Vehicle Service Contact.

[2]     Credit Acceptance also attached an executed copy of the parties' Retail Installment Contract.  (D.I. 22, Ex. A).

Thereafter, Best Deal Auto, now having had the opportunity to review the Retail Installment Contract, filed its motion for leave to file out of time (D.I. 26) and its motion for joinder (D.I. 27).[3] In its joinder, Best Deal Auto withdrew its lack of subject matter jurisdiction argument. (D.I. 27 ¶ 9).

### C. Declaration Acknowledging Electronic Signature Process

Attached as Exhibit B to Credit Acceptance's motion is a Declaration Acknowledging Electronic Signature Process that includes a Buyer and Seller Declarations. By signing the Declaration, Plaintiff acknowledged the following:

**BUYER DECLARATION**

By signing below, I, ABDUS SAMAAD ROBINSON (Buyer) and/or N/A (Co-Buyer) hereby state that:

1. I read, understood, and agreed to the eSign Consent form and consented to use electronic signatures to sign all documents necessary to process a retail installment transaction with the Seller named above.
2. I was given the opportunity to review a paper version of the retail installment contract I was being asked to sign prior to using electronic signatures to electronically sign the documents.
3. I was in physical control of the key board, mouse or other device to click a button, signature box, or initial box that applied my e-signature to the documents with the intent to sign the documents as if I provided my handwritten signature on the documents.
4. I received a fully executed copy of the retail installment contract.

Signature of Buyer / Date: 09/10/2021 / Signature of Co-Buyer / Date

(D.I. 22, Ex. B).

### D. The Retail Installment Contract

On September 10, 2021, Plaintiff entered into a Retail Installment Contract with Best Deal Auto for the purchase of a 2014 Cadillac ATS. (D.I. 21, Ex. A, pp. 1-5).[4] Pursuant to the

---

[3] Best Deal Auto's motion for leave to file out of time (D.I. 26) and motion to join Credit Acceptance's motion to compel arbitration and dismiss the Complaint (D.I. 27) are unopposed. Therefore, the Court will grant these motions.

[4] The Court will cite to the Retail Installment Contract provided by Plaintiff. (D.I. 21, Ex. A).

3

Assignment contained in the Retail Installment Contract, Best Deal Auto assigned and transferred all of its "right, title and interest in and to this Contract, and in and to the Vehicle described herein, to Credit Acceptance Corporation."



(*Id.*, Ex. A, p. 4).

The Retail Installment Contract contains a full-page Arbitration Clause. (*Id.* at Ex. A, p. 5). Two places on the first page of the Retail Installment Contract notify Plaintiff of the Arbitration Clause, both of which Plaintiff acknowledged with his initials:

* * *

(*Id.*, Ex. A, p. 1).

4

Additionally, Plaintiff inserted his initials at the bottom of the Arbitration Clause itself:

> It is expressly agreed that this Contract evidences a transaction in interstate commerce. This Arbitration Clause is governed by the FAA and not by any state arbitration law.
>
> DELAWARE CREDIT ACCEPTANCE CORPORATION (12-16)
> © 2012 - 2016 Credit Acceptance Corporation.
> All Rights Reserved.
> PAGE 5 of 5
> The original retail installment contract is assigned to Credit Acceptance Corporation.
> This copy was created on 09/10/2021
>
> Buyer's Initials  *AR*
> Buyer's Initials  _____

(*Id.*, Ex. A, p. 5).

The Arbitration Clause advised Plaintiff of his right to reject the Arbitration Clause:

> **Your Right to Reject:** If You don't want this Arbitration Clause to apply, You may reject it by mailing Us at P.O. Box 5070, Southfield, Michigan 48086-5070 a written rejection notice that describes the Contract and tells Us that You are rejecting this Arbitration Clause. A rejection notice is only effective if it is signed by all buyers, co-buyers and cosigners and the envelope that the rejection notice is sent in has a post mark of 30 days or less after the date of this Contract. If You reject this Arbitration Clause, that will not affect any other provision of this Contract or the status of Your Contract. If You don't reject this Arbitration Clause, it will be effective as of the date of this Contract.

(*Id.*).

And, pursuant to Paragraph 13 of Credit Acceptance's motion, "Credit Acceptance has not received any notification from [Plaintiff] that he rejected the Arbitration Clause." (D.I. 22 ¶ 13).

Finally, the Arbitration Clause goes into effect if either party elects to arbitrate a dispute:

> Either You or We may require any Dispute to be arbitrated and may do so before or after a lawsuit has been started over the Dispute or with respect to other Disputes or counterclaims brought later in the lawsuit. If You or We elect to arbitrate a Dispute, this Arbitration Clause applies. A Dispute shall be fully resolved by binding arbitration. Judgment on the arbitration award may be entered in any court with jurisdiction. All statutes of limitation that otherwise would apply to an action brought in court will apply in arbitration. The arbitrator is authorized to award all remedies permitted by the substantive law that would apply if the action were pending in court, including, without limitation, punitive damages (which shall be governed by the Constitutional standards employed by the courts) and attorneys' fees and costs.

(D.I. 21, Ex. A, p. 5). Indeed, if either party elects to pursue arbitration at any time, neither party has a right to pursue the dispute in Court:

> If You or We elect to arbitrate a Dispute, neither You nor We will have the right to pursue that Dispute in court or have a jury resolve that dispute. In addition, if You or We elect to arbitrate a Dispute, (a) neither You nor We may participate in a class action in court or in a class-wide arbitration, either as a plaintiff, defendant or class member; (b) neither You nor We may act as a private attorney general in court or in arbitration; (c) Disputes brought by or against You may not be joined or consolidated with Disputes brought by or against any other person; and (d) the arbitrator shall have no power or authority to conduct a class-wide arbitration, private attorney general arbitration or joined or consolidated arbitration (this sentence including subparts a through d hereof is referred to in this Arbitration Clause as the "Class Action Waiver"). In the event there is an agreement to arbitrate claims or disputes that conflicts with this Arbitration Clause, whether such agreement is executed before, at the same time, or after this Arbitration Clause, the terms of this Arbitration Clause shall control any and all Disputes between You and Us.

(*Id.*).

Pursuant to Paragraph 31 of Credit Acceptance's motion, Credit Acceptance has indicated its election to pursue arbitration in accordance with the Arbitration Clause. (D.I. 22 ¶ 31).

## II.     LEGAL STANDARDS

"[W]hen it is apparent, based on 'the face of the complaint, and documents relied upon in the complaint' that certain of a party's claims 'are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay.'" *Guidotti v. Legal Helpers Debt Resol., LLC*, 716 F.3d 772, 776 (3d Cir. 2013) (internal citations omitted). In doing so, courts are "permitted to consider the substance of the contracts that ostensibly compel arbitration." *CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 168 n.2 (3d Cir. 2014) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). "An arbitration clause may be deemed 'apparent' when the contract in which the arbitration clause appears is 'integral to' or relied upon in the complaint." *Lawson v. City of Philadelphia*, 2019 WL 934976, at *2 (E.D. Pa. Feb. 25, 2019).

With the Federal Arbitration Act ("FAA"), "Congress has instructed federal courts to enforce arbitration agreements according to their terms – including terms provided for individualized proceedings." *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018). This ensures that arbitration agreements "are enforceable to the same extent as other contracts." *Puleo v. Chase Bank USA, NA.*, 605 F .3d 172, 178 (3d Cir. 2010). When presented with an arbitration provision, this Court's task is to determine whether "a valid agreement to arbitrate exists between the parties and [whether] the specific dispute falls within the substantive scope of that agreement." *John Hancock Mut. Life Ins. Co. v. Glick*, 151 F.3d 132, 137 (3d Cir. 1998). When conducting this analysis, courts in the Third Circuit apply the standard for failure to state a claim under Rule 12(b)(6). *In re Remicade (Direct Purchaser) Antitrust Litig.*, 938 F.3d 515, 519 (3d Cir. 2019) (quoting *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1415 (2019)). Although the Third Circuit has held that a district court lacks the authority to compel arbitration outside of its district, *Econo-Car Int'l, Inc. v. Antilles Car Rentals*, Inc., 499 F.2d 1391, 1394 (3d Cir. 1974), district

6

courts may dismiss actions that are subject to arbitration elsewhere. *See, e.g., Sanum Inv. Ltd. v. San Marco Capital Partners LLC*, 263 F. Supp. 3d 491,496-97 (D. Del. 2017). Moreover, "[w]hen a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding." *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024).

### III.  DISCUSSION

#### A.  Motion to Compel Arbitration

Plaintiff does not dispute that he entered the Retail Installment Contract, which included the Arbitration Clause, or that his claims fall within the substantive scope of that Arbitration Clause. Rather, Plaintiff asserts broadly that the Retail Installment Contract is void because it "contains violations of Federal and Statutory Laws, misrepresentations, lack of disclosure, and extortion." (D.I. 24 at 1). These, however, are legal conclusions that the Court cannot credit in the absence of factual allegations from which they can be reasonably inferred. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Moreover, because federal law recognizes a strong public policy in favor of arbitration, "'[n]othing short of a showing of fraud, duress, mistake' or some other compelling ground to invalidate a contract," "will permit a court to preclude the enforceability of an agreement to arbitrate." *Esaka v. Nanticoke Health Servs., Inc.*, 752 F. Supp. 2d 476, 481 (D. Del. 2010) (citations omitted). Relatedly, under Delaware law, a contract is unconscionable "if one of the parties lacks meaningful choice and the contract terms unreasonably favor one party over the other." *Wells v. Merit Life Ins. Co.*, 671 F. Supp. 2d 570, 574 (D. Del. 2009). "Courts have generally recognized that the doctrine of unconscionability requires both procedural and substantive elements." *Maxwell v. Cellco P'ship*, C.A. No. 19-152-RGA, 2019 WL 5587313, at *7 (D. Del. Oct. 30, 2019) (citation omitted). "Superior bargaining power alone without the

element of unreasonableness does not permit a finding of unconscionability or unfairness. The traditional test is this: a contract is unconscionable if it is 'such as no man in his senses and not under delusion would make on the one hand, and as no honest or fair man would accept, on the other.'" *Gonzalez v. Citigroup*, C.A. No. CIV.09-017-SLR, 2009 WL 2340678, at *2 (D. Del. July 30, 2009).

In this case, Plaintiff has not shown, and the Court cannot reasonably infer from the Complaint and subsequent filings, that the contract in question meets the standard for invalidity or unenforceability. To the contrary, the evidence suggests that Plaintiff was aware of the Arbitration Clause – having three times signed his initials attesting to this fact. (D.I. 21, Ex. A, p. 5). And Plaintiff did not reject the Arbitration Clause, as he had a right to do. (D.I. 21, Ex. A, p. 5; D.I. 22 ¶ 13). Thus, the Court finds that the Arbitration Clause of the parties' Retail Installment Contract constitutes a valid agreement between the parties to arbitrate, and that Plaintiff's claims fall within the substantive scope of the Arbitration Clause.

### B. Motion to Dismiss

#### 1. Location of Arbitration

As noted above, the Third Circuit has held that a district court lacks the authority to compel arbitration outside of its district. *Econo-Car Int'l*, 499 F.2d at 1394. Here, although the Arbitration Clause at issue in this case (*see* D.I. 21, Ex. A, p. 5) does not require a specific location for arbitration between the parties, Plaintiff is a resident of the State of Delaware and the actions underlying this matter all took place in the State of Delaware. The Court, thus, understands that the motion to compel arbitration seeks to compel arbitration in Delaware.

#### 2. Staying or Dismissing This Action

As previously noted, if a lawsuit involves an arbitrable dispute, and "a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding." *Smith*, 601 U.S. at

8

478. Here, Plaintiff is proceeding *pro se* and the Court will construe his objection to the motion to compel arbitration or dismiss broadly as requesting a stay rather than dismissal should arbitration be appropriate. Thus, the Court will stay the proceedings pending arbitration.

This raises the question of how long the proceedings should remain stayed. As the Court reads the Arbitration Clause, the party electing arbitration can institute arbitration proceedings. Here, it is the Defendants who have elected arbitration. Thus, the Court will stay this case for ninety (90) days to allow the Defendants an opportunity to instituted arbitration proceedings. Should Defendants fail to avail themselves of arbitration in that time period, the Court will address the propriety of continuing the stay at that time.

## V.     CONCLUSION

For the above reasons, the Court will grant Defendants' motion to compel arbitration and stay this action pending arbitration and deny Defendants' motion to dismiss without prejudice to renew. (D.I. 22). The Court will also deny as moot Defendant Best Deal Auto Sales' original motion to dismiss. (D.I. 18). An appropriate Order will be entered.